IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GREGORY A. DENSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1232-GMS |
| | ) | |
| THOMAS CARROLL, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Gregory A. Denston. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondent.

## MEMORANDUM OPINION

December 7, 2005
Wilmington, Delaware



FILED

DEC 7 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE


SLEET, District Judge

## I. INTRODUCTION

Petitioner Gregory A. Denston ("Denston") is an inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is Denston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.) For the reasons that follow, the court concludes that Denston's petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In November 1997, Denston repeatedly clubbed his wife in the head with a baseball bat, leaving her with severe and permanent injuries. A New Castle grand jury indicted Denston on the charges of attempted murder in the first degree and possession of a deadly weapon during the commission of a felony. On September 29, 1998, the day on which his trial was scheduled to commence, Denston attempted to escape from the courthouse. Correctional officers subdued and captured Denston in the presence of the jury pool. The Superior Court made arrangements for a new jury pool to be used, but, prior to jury selection, Denston entered a plea of guilty to both charges. On January 8, 1999, the Superior Court sentenced Denston to a total of thirty years at Level V incarceration. Denston did not appeal his conviction and sentence.

On March 1, 1999, Denston filed in the Superior Court a Rule 35(b) motion to modify his sentence. The Superior Court denied the motion on June 3, 1999, and Denston did not appeal.

On March 14, 2001, Denston filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on February 28, 2002. *See State v. Denston*, 2002 WL 338069

1

(Del. Super. Ct. Feb. 28, 2002.) Denston did not appeal.

On April 16, 2004, Denston filed his second Rule 61 motion. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed the Superior Court's decision on August 13, 2004. *See Denston v. State*, 856 A.2d 1066 (Table), 2004 WL 1874667 (Del. Aug. 13, 2004).

Presently before the court is Denston's *pro se* petition for federal habeas relief, asserting three claims for relief: (1) his counsel provided ineffective assistance by recommending that he plead guilty; (2) his counsel provided ineffective assistance by failing to file an appeal; and (3) his guilty plea was involuntary because the plea colloquy was defective. (D.I. 2; D.I. 6.)

The State concedes that Denston exhausted state remedies by presenting these claims to the Delaware Supreme Court in his post-conviction appeal concerning his second Rule 61 motion. Nevertheless, the State asks the court to dismiss Denston's petition as time-barred under 28 U.S.C. § 2244(d). (D.I. 10.)

In response, Denston filed a motion asserting that his failure to timely file his petition was caused by: (1) his counsel's failure to inform him that his conviction became final on January 8, 1999; and (2) caused by the fact that the law library at the location of his incarceration for the first year did not have AEDPA information. (D.I. 13.)

Denston's habeas petition is now ready for review.

## III. DISCUSSION

### A. One-Year Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for state prisoners seeking federal habeas relief under 28 U.S.C. §

2

2254. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period can be extended, however, if statutory or equitable tolling applies. 28 U.S.C. § 2244(d)(2)(enumerating statutory tolling provisions); *Miller v. New Jersey Dept. of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)(holding AEDPA's one-year filing period is subject to equitable tolling); *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)(same).

Denston filed his § 2254 petition after AEDPA's enactment in 1996, thus, it is subject to AEDPA's one-year limitations period. *See generally Lindh v. Murphy*, 521 U.S. 320, 326 (1997)(AEDPA's terms apply to habeas petitions filed after its enactment on April 24, 1996). He does not allege, nor can the court discern, any facts triggering the possible starting points for the limitations period enumerated in §§ 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when Denston's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the state court criminal judgment becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. *Kapral v. United States*,

3

166 F.3d 565, 577 (3d Cir. 1999). Here, the Superior Court sentenced Denston on January 8, 1999, and he did not appeal. Therefore, Denston's conviction became final on February 7, 1999, and AEDPA's statute of limitations began to run on February 8, 1999. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal); *Wilson v. Beard*, - F.3d -, 2005 WL 2559716, at *8 (3rd Cir. Oct. 13, 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period).

To be timely, Denston was required to file a habeas petition by February 8, 2000. Denston, however, did not file his petition until August 31, 2004.[1] Thus, unless the limitations period can be statutorily or equitably tolled, the court must dismiss the petition as time-barred. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

### B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.

---

[1] A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998). Denston's habeas petition is dated August 31, 2004, and presumably, he could not have presented it to prison officials for mailing any earlier than that date.

4

1998). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time a petitioner pursues his state post-conviction remedies, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, a properly filed state post-conviction motion can only toll the federal habeas limitations period if the post-conviction motion is filed and pending before the expiration of AEDPA's one-year limitations period. *See Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002); *Gholdson v. Snyder*, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

Denston filed a Rule 35(b) motion to modify sentence on March 1, 1999. The court presumes that this Rule 35(b) motion constitutes a post-conviction motion for statutory tolling purposes under § 2244(d)(2).[2] Consequently, because the Rule 35 motion was timely filed under Superior Court Criminal Rule 35(b), it triggers statutory tolling under § 2244(d)(2).

When Denston filed the Rule 35(b) motion, twenty days of AEDPA's limitations period had already run. The Superior Court denied the motion on June 3, 1999. Because Denston did not appeal, the motion tolled the limitations period through July 6, 1999, the date on which the time to appeal the Superior Court's denial of the motion expired.[3] The limitations clock resumed on July 7, 1999, and ran without interruption until it expired on June 15, 2000. Thus,

---

[2]This court has previously held that a motion to reduce or modify the sentence under Criminal Rule 35(b) constitutes a post-conviction motion for the purposes of statutory tolling under § 2244(d)(2). *See McNeil v. Snyder*, 2002 WL 202100, at *3 (D. Del. Feb. 8, 2002). The Third Circuit Court of Appeals has recently granted a certificate of appealabililty to address this same issue. *See Hartmann v. Carroll*, No. 04-4550, Order (3d Cir. Nov. 1, 2005). Because Denston's petition is untimely whether or not the Rule 35(b) motion statutorily tolls the limitations period, the court will presume that the Rule 35(b) motion tolls the period in this case.

[3]The 30-day appeal period actually ended on July 3, 1999, which was a Saturday. The following Monday, July 5, 1999, was a Federal holiday, thus, the appeal period did not end until the end of the day on Tuesday, July 6, 1999. *See* Del. Supr. Ct. R. 11(a).

statutory tolling does not render Denston's petition timely.[4]

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616 (3d Cir. 1998)(internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998). The Third Circuit permits equitable tolling for habeas petitions in only three narrow circumstances:

    (1) where the defendant actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
    (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley*, 142 F.3d at 179). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted).

Here, Denston alleges two "extraordinary circumstances" that prevented him from timely filing his habeas petition: (1) defense counsel did not inform him that the Delaware Supreme Court affirmed his conviction on January 8, 1999; and (2) the Super-Max Housing Unit at the Delaware Correctional Center, where he was housed for the first year of his sentence, did not

---

[4]Neither of Denston's Rule 61 motions have any statutory tolling effect because they were filed after AEDPA's limitations period had expired.

have federal legal materials regarding 28 U.S.C. § 2254. (D.I. 7.)

Denston's unsupported statement that his attorney did not inform him of the date on which his judgment became final does not demonstrate the type of egregious misconduct necessary to constitute an extraordinary circumstance. *See Schlueter v. Varner*, 384 F.3d 69, 76-8 (3d Cir. 2004)(indicating that an attorney's misconduct is not egregious unless he engages in some active misrepresentation).

Further, Denston's unsupported statement regarding his inability to access federal AEDPA legal materials during the first year of his incarceration, even if true, does not trigger equitable tolling. Denston does not provide any dates for this alleged access problem, so the court will assume that Denston could not access legal materials from January 1999 through January 2000. Consequently, in this hypothetical situation, the limitations period would have started to run on February 1, 2000, only to run without interruption until it expired in February 2001.[5] Denston has provided no explanation for his failure to file a habeas petition from February 2000 to February 2001. Even if Denston made a mistake or miscalculation regarding the one-year filing period, this mistake does not warrant equitable tolling. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Thus, the court concludes that equitable tolling is not warranted because Denston failed to exercise due diligence in pursuing his claims.

Accordingly, because the court concludes that the doctrine of equitable tolling is not available to Denston on the facts he has presented, it will dismiss Denston's petition as untimely.

---

[5]Once again, the Rule 61 motions filed on March 14, 2001 and April 16, 2004 had no tolling effect because they were filed after the expiration of the limitations period.

7

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a court denies a § 2254 petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should not be issued unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Denston's habeas petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Denston's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY A. DENSTON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 04-1232-GMS |
| THOMAS CARROLL, Warden, | ) |
| Respondent. | ) |

**ORDER**

At Wilmington, this 7th day of December, 2005, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Gregory A. Denston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

_____
UNITED STATES DISTRICT JUDGE


FILED
DEC 7 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE